IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHERIE LINDBERG,

    Plaintiff,

v.     No. 03-2543 B

UT MEDICAL GROUP, INC., and
UT MEDICAL GROUP MEDICAL
AND DENTAL GROUP BENEFIT PLAN,

    Defendants.

_____

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER, ALTER OR
AMEND ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEY'S FEES AND COSTS AND TO AMEND JUDGMENT AND
AWARDING TO PLAINTIFF'S COUNSEL ADDITIONAL ATTORNEY'S FEES
AND COSTS INCURRED IN RESPONDING TO DEFENDANTS'
POST-JUDGMENT MOTIONS

_____

Before the Court is the motion of the Defendants, UT Medical Group, Inc. and UT Medical Group Medical and Dental Group Benefit Plan (collectively, "UT Medical"), for reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, of the Court's April 27, 2005 order granting the motion of the Plaintiff, Cherie Lindberg, for an award of attorneys' fees and costs. In response, the Plaintiff has moved for a supplemental award to cover fees and expenses incurred in responding to the instant motion.

> The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes . . . Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

Sherwood v. Royal Ins. Co. of Am., 290 F.Supp.2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted). The Rule 59(e) motion may also not be used "to raise arguments, or present evidence that could have been raised prior to the entry of judgment." Thomas & Betts Corp. v. Hosea Project Movers, LLC, No. 02-2953 Ma/A, 2005 WL 2777012, at *1 (W.D. Tenn. Oct. 24, 2005) (citing 11 Charles Alan Wright, Federal Practice and Procedure § 2810.1 (2d ed.1995)). The decision of whether to grant a Rule 59(e) motion lies within the discretion of the trial court. Intera Corp. v. Henderson, 428 F.3d 605, 619-20 (6th Cir. 2005). "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996) (citations and internal quotation marks omitted). Relief under Rule 59(e) has been characterized as an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Id. at 685. "Such a motion is appropriate, however, when the court has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension." Id. at 686.

The request for reconsideration at issue here, according to UT Medical, falls under the third situation referred to in the Rule. The Defendants offer several grounds for their motion, which the Court will address seriatim.

Lindberg sought an award of fees and costs pursuant to 29 U.S.C. § 1132(g)(1), Employee Retirement Income Security Act of 1974, as amended ("ERISA"). First, UT Medical submits that

Lindberg was not in fact a "prevailing party" in this action[1] and therefore is not entitled to a fee award. The Court, however, based its award on a consideration of the five factors set forth in Gettings v. Building Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 310 (6th Cir. 2003). As the Court noted in its original order, ERISA's fee award provision states that the "court in its discretion may allow a reasonable attorney's fee and costs of action *to either party*." 29 U.S.C. § 1132(g)(1) (emphasis added). Although the Defendants urge the Court to follow other circuits in holding that only prevailing parties are entitled to an award of fees under ERISA, this Circuit recently observed in First Trust Corp. v. Bryant, 410 F.3d 842 (6th Cir. 2005), reh'g and reh'g en banc denied (Aug. 30, 2005), that, with respect to § 1132 awards, "[t]his Court has rejected a presumption that attorney's fees should ordinarily be awarded to the prevailing plaintiff," relying instead on the five factors, which are "not statutory and therefore not dispositive[; but, r]ather . . . are simply considerations representing a flexible approach." First Trust Corp., 410 F.3d at 851.

UT Medical also argues that the Supreme Court's decision in Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) prohibits a finding that a plaintiff is a prevailing party based on a "catalyst" theory. In Buckhannon, the Court interpreted the term "prevailing party" under the Fair Housing Amendments Act of 1988 to exclude the "catalyst" theory of recovery. Prior to the decision, the catalyst theory permitted courts to find that a party had "prevailed" if he "achieve[d] the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Buckhannon Bd. & Care Home, Inc., 532 U.S. at 601-10, 121 S.Ct. at 1838-43. The Court advised

---

[1] Judgment was entered by this Court in favor of the Plaintiff for an award of attorney's fees.

that the term "prevailing party" does not "authorize[] federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief." Id. at 606, 121 S.Ct. at 1841.  The Court held that, in order to be a "prevailing party," one must "receive at least some relief on the merits." Id. at 603, 121 S.Ct. at 1839-40.

At the outset, the Court notes that Buckhannon did not address ERISA's fee provisions, which, unlike the Fair Housing Amendments Act of 1988, do not contain the "prevailing party" language.[2] The Defendants have failed to point the Court to any Sixth Circuit decision applying the holding in Buckhannon to an ERISA case[3] and many courts in other jurisdictions have declined to do so.  See Bridge v. Transpersonnel, Inc., No. 03 C 2437, 2004 WL 2034075, at *5 (N.D. Ill. Sept. 10, 2004) (questioning whether Buckhannon applies to ERISA); Trustees of the E. States Health and Welfare Fund v. Crystal Art Corp., No. 00 Civ. 0887 (NRB), 2004 WL 1118245, at *4 (S.D.N.Y. May 19, 2004), aff'd, 132 F.App'x 390 (2d Cir. May 27, 2005) (Buckhannon's prevailing party analysis not relevant to fee award under § 1132(g) because the statute, "by its terms, does not limit fee awards to prevailing parties" and "does not include the term 'prevailing party'"); Reed v. Shenandoah Mem'l Hosp., No. 8:01CV435, 2002 WL 1964826, at *2 (D. Neb. Aug. 12, 2002) (court declined to decide whether Buckhannon applied to ERISA fee awards); but see Clark v. Metro. Life Ins. Co., 384 F.Supp.2d 894, 897 (E.D. Va. 2005) (Buckhannon applicable to ERISA case based on

---

[2] In Chambers v. Ohio Dep't of Human Servs., 273 F.3d 690, 693 n.1 (6th Cir. 2001), reh'g and reh'g en banc denied (Jan. 28, 2002), the Sixth Circuit recognized that the Court in Buckhannon intended for its reach to include all statutes authorizing fee awards to "prevailing parties."

[3] Neither has the Court's research unearthed any such cases.

Fourth Circuit's rule that "only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action")[4]; Kerkhof v. MCI WorldCom, Inc., 204 F.Supp.2d 74, 74-75 (D. Me. 2002) (court declined to decide whether Buckhannon was binding in ERISA cases, but recognized that First Circuit appeared to require an ERISA plaintiff to "prevail" prior to being eligible for attorney fee award).[5]  Based on its review of the case law, the Court cannot say that its decision amounted

---

[4]Clark followed the lead of the Fourth Circuit in Martin v. Blue Cross & Blue Shield of Va., 115 F.3d 1201, 1210 (4th Cir.), cert. denied, 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997), a case cited by the Defendants, in which the court held that "[b]ecause of the strong suggestions in our own precedent, supported by the weight of authority from other circuits [including the First, Third, Fifth, Seventh, Ninth and District of Columbia circuits, but not the Sixth], we now make clear that in the Fourth Circuit, only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action."

[5]Even if Buckhannon were applicable to this case and Lindberg could not obtain a fee award unless she was found to be a "prevailing party," as the Court has noted herein, judgment has been entered in her favor in this case.  In addition, were the Court to concur with the Defendants that she did not "prevail" in strict terms under the circumstances of this case, at least one court has held that remand to an administrative agency in which the district court retains jurisdiction may constitute the securing of "some relief on the merits" in satisfaction of Buckhannon.  See Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1363-66 (Fed. Cir. 2003), reh'g and reh'g en banc denied (Nov. 14, 2003).  Specifically, the Motorola court concluded that "where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party . . . when successful in the remand proceedings where there has been a retention of jurisdiction."  Motorola Ceramic Prods., 336 F.3d at 1366.  Similarly, in the matter at bar, this Court, in an order entered December 9, 2003, held the Plaintiff's motion for a preliminary injunction in abeyance pending remand to the plan administrator based on numerous alleged errors by the administrator in denying her claim.  Moreover, there is no question that the Court retained jurisdiction over this matter and that, following the administrator's decision to cover the claim, the only issue remaining before the Court concerned the amount of attorney's fees and costs to be awarded to the Plaintiff.  Thus, it is the opinion of this Court that, under Motorola, Lindberg secured at least "some relief on the merits" sufficient to satisfy Buckhannon.  The attempt by the Defendants to suggest that she received no relief on the merits simply because she initially brought this action seeking treatment at one facility and ultimately received coverage for treatment at a different facility following remand amounts to little more than hair-splitting, the reasons for which the Court discussed in detail in its previous order and therefore will not reiterate here.

5

to a clear error of law.  Accordingly, the Defendants' motion to alter the Court's judgment based on the Plaintiff's failure to "prevail" is DENIED.

The Defendants' position that the Court's decision was "manifestly unjust" is also without merit.  UT Medical's contentions, which cite to no case law, consist essentially of disagreement with the Court's application of the law to the facts in this case and a rehashing of arguments presented on the original motion.  Neither is a proper basis for a Rule 59(e) motion.  See Hutchinson v. Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993) (disagreement with court's determination not basis for motion to alter judgment); F.D.I.C. v. Cage, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (same); see also Sherwood, 290 F.Supp.2d at 858 (Rule 59(e) motion should not be an attempt to relitigate issues already decided).

Next, UT Medical avers that the Court committed clear error in considering the factors relevant to fee awards in ERISA cases.  As the Court noted in its previous order, the Sixth Circuit "has held that when a district court exercises its discretion in awarding attorney fees under ERISA, it should consider five factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

Gettings, 349 F.3d at 310; see also Hoover v. Provident Life & Accident Ins. Co., 290 F.3d 801, 809 (6th Cir. 2002); Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985).  These considerations are often referred to in this Circuit as the "King factors," although they originated elsewhere.  Foltice v. Guardsman Prods., Inc., 98 F.3d 933, 936-37 (6th Cir. 1996), cert. denied, 520 U.S. 1143, 117 S.Ct. 1312, 137 L.Ed.2d 475 (1997).

The Defendants assign error to the Court's determination as to the first <u>King</u> factor on the grounds that too much weight was accorded to the so-called "treating physician rule" rejected by the Supreme Court in <u>Black & Decker v. Nord</u>, 538 U.S. 822, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003). The rule, according to the Court, "required a plan administrator who rejects the opinions of a claimant's treating physician to come forward with specific reasons for the decision, based on substantial evidence in the record." <u>Nord</u>, 538 U.S. at 822, 123 S.Ct. at 1966. The Supreme Court held that ERISA does not require plan administrators to give special deference to the opinions of treating physicians. <u>Id.</u>, 123 S.Ct. at 1966. The undersigned, however, did not rely on the "treating physician's rule" in making its determination and made no finding that UT Medical impermissibly failed to give heightened deference to Lindberg's treating physicians. Instead, the Court found culpability on the part of the plan administrator because of its overarching adherence to a position on coverage that was, in the Court's view, completely unsupportable based on the information before it. Therefore, the Defendants have failed to show clear error based on <u>Nord</u>; the Defendants' disagreement with the Court's decision is, again, not an appropriate basis for relief under Rule 59(e). See <u>Hutchinson</u>, 994 F.2d at 1081-82).

UT Medical also submits that the Court committed clear error by stating in its order that the merits of the case "tip the scale toward the Plaintiff, illustrated in no small measure by the Defendants' change of position as to coverage following the Court's remand."[6] This too amounts to

---

[6]In a supplementary filing, the Defendants offer as further support for their position the opinion in <u>Marchant v. Faurecia Exhaust Systems, Inc.</u>, No. 1:03CV00260, 2005 WL 1379100 (S.D. Ohio June 7, 2005). In <u>Marchant</u>, the court found that "the necessary degree of culpability is not established by the fact that defendant eventually was found liable." <u>Marchant</u>, 2005 WL 1379100, at *2. However, the circumstances were much different than those present here. In the case cited, the plaintiff filed suit against the defendants under ERISA for wrongful denial of coverage. The court requested the defendants review 129 pages of "additional documentation

mere disagreement with the Court's decision for which the instant motion is not a proper vehicle. See id.

Furthermore, the Defendants assert that the Court erred in awarding fees and costs for legal work performed during the administrative phase of the benefits proceeding in violation of the Sixth Circuit's holding in Anderson v. Proctor & Gamble Co., 220 F.3d 449 (6th Cir. 2000), which prohibits such awards. The Defendants therefore seek an order denying fees and costs for the period from July 6 through August 4, 2003, amounting to $6,503, incurred prior to Plaintiff's counsel's receipt of the claim denial letter issued by the plan administrator. However, the Defendants failed to raise this issue in their response to the motion for attorney's fees and it is, therefore, too late to do so now.[7] See Thomas & Betts Corp., 2005 WL 2777012, at *1 (a Rule 59(e) motion may not be

---

*previously unknown to Defendants that related to Plaintiff's medical condition.*" Id. at 1 (emphasis added). Upon review of the documents, the defendants determined that coverage was appropriate. Id. The court found no culpability or common benefit pursuant to the King factors under these facts, noting further that the "medical evidence suggested Plaintiff did not qualify for benefits." Id. at *2. The Marchant court relied at least in part on a previous case from this Circuit, Gard v. Blankenburg, 33 F.App'x 722 (6th Cir. 2002). In Gard, the court denied a request for attorney's fees against a defendant found to have committed a per se violation of ERISA. Liability, stated the court, did not necessarily militate a finding of bad faith or culpability. Gard, 33 F.App'x at 731-32. In the case before it, the court determined that the defendant acted wrongfully, but absent bad intentions. Id.

In this case, the medical evidence strongly suggested something less than good faith from the beginning. There were no additional documents previously unknown to assist the plan administrator in determining on its own that its prior decision was in error. Nor can it be said that Defendants acted with good intentions. Here, UT Medical, knowing the facts, nonetheless turned a blind eye thereto and denied Lindberg's claim in bad faith.

[7]Were the Court to consider the merits of UT Medical's argument here, the Defendants would likely be unsuccessful. The plaintiff in Anderson did not, as was the case here, file suit based on a denial of benefits. Rather, she brought a lawsuit *only* for an award of attorney's fees arising from an *administrative* action. Anderson, 220 F.3d at 452. Under such circumstances, the court determined that ERISA does not provide for attorney's fee awards where a claimant "prevailed" in an administrative proceeding on which there was *no court action taken*. Id.

used "to raise arguments, or present evidence that could have been raised prior to the entry of judgment").

Based on the foregoing, the Defendants' motion to alter or amend the judgment in this matter is DENIED.

In responding to the Defendants' motion, the Plaintiff seeks an additional $11,780 in attorney's fees and costs incurred in connection with the Rule 59(e) motion. UT Medical opposes such an award for the same reasons it sought alteration of the Court's judgment. The Court therefore concludes that the Plaintiff is entitled to an award on the grounds articulated in its April 27, 2005 order.

The Court's finding does not, however, end the matter. The Defendants also submit that the attorney's fee amount requested is excessive and, therefore, not reasonable. Even where fee awards are permitted, the fees charged must be "reasonable." See Barnes v. City of Cincinnati, 401 F.3d 729, 745 (6th Cir. 2005), cert. denied, ___ U.S. ___, 126 S.Ct. 624, 74 U.S.L.W. 3131 (U.S. Nov. 7, 2005) (No. 05-292). UT Medical points out, rightly in the Court's opinion, that Plaintiff's counsel's billing ledger was fraught with redundancies. Particularly, the ledger reflects large amounts of time spent drafting and redrafting documents by both attorneys and law clerks. Upon review of the ledger, the Court finds that the fees are excessive. See Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998) (claimed hours that are excessive, redundant and unnecessary should be excluded by the court in determining an appropriate fee award). Accordingly, counsel for the Plaintiff is hereby awarded $6,000.00 in additional attorney's fees and costs incurred in responding to the Defendants' post-judgment motions.

IT IS SO ORDERED this 6th day of January, 2006.

                                                            s/ J. DANIEL BREEN
                                                             UNITED STATES DISTRICT JUDGE